CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 01 2015

JULIA C. ~~~~ CLERK
BY: ~~~~
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| HAKIM LUQMAAN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:14-CV-00115 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| VOLVO GROUP NORTH AMERICA, LLC, et al., ) | By: Hon. Glen E. Conrad |
| ) | Chief United States District Judge |
| Defendants. ) | |

This case is presently before the court on the defendant's bill of costs, filed pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure. For the reasons that follow, the court will award the defendant costs in the amount of $2,703.60.

## Procedural History

The plaintiff filed this employment discrimination action against the defendant on March 18, 2014. On March 26, 2015, the court granted the defendant's motion for summary judgment. On April 9, 2015, the defendant filed a bill of costs in the amount of $3,501.93, pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure. On April 23, 2015, the plaintiff filed a brief in opposition to the bill of costs. As neither party has requested a hearing, the court considers this matter ripe for review on the basis of the parties' written submissions alone.

## Discussion

"Under Rule 54(d)(1) of the Federal Rules of Civil Procedure, costs 'should be allowed to the prevailing party' unless a federal statute provides otherwise."[1] Williams v. Metro Life Ins. Co., 609

---

[1] The particular expenses that may be taxed as costs under Rule 54(d)(1) are set forth in 28 U.S.C. § 1920. That statute provides, in pertinent part, as follows: "A judge or clerk of any court of the United States may tax as costs the following: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of this title; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." 28 U.S.C. § 1920.

F.3d 622, 636 (4th Cir. 2010) (quoting Fed. R. Civ. P. 54(d)(1)). Thus, the rule "creates the presumption that costs are to be awarded to the prevailing party." Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999). The court has the discretion to deny an award of costs, but it must "articulate some good reason for doing so" to "overcome the presumption." Id. (internal citation and quotation marks omitted). "Among the factors that justify denying an award of costs are: (1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." Ellis v. Grant Thornton LLP, 434 F. App'x 232, 235 (4th Cir. 2011). Although the unsuccessful party's "good faith in pursuing an action is a virtual prerequisite to receiving relief from the normal operation of Rule 54(d)(1), that party's good faith, standing alone, is an insufficient basis for refusing to assess costs against that party." Id. (internal citation and quotation marks omitted).

The court finds that, in this case, the plaintiff has not identified circumstances sufficient to overcome the presumption in favor of awarding costs to the prevailing party. In his brief in opposition to the bill of costs, the plaintiff first argues that the fact that the he continues to work for the defendants suggests that the defendant was not "particularly victorious." Docket No. 41 at 2. A court may deny costs "when the prevailing party's recovery is so small that the prevailing party is victorious in name only." Teague v. Bakker, 35 F.3d 978, 996 (4th Cir. 1994) (citing White & White, Inc. v. American Hosp. Supply Corp., 786 F.2d 728, 730 (6th Cir. 1986)). This, however, is not such a case, irrespective of the plaintiff's continued employment. The defendant achieved a large measure of success in this case by defeating the plaintiff's claims entirely at summary judgment. The plaintiff also suggests that the court should deny costs due to "the detail necessary to analyze this matter appropriately," as evidenced by the length of the court's summary judgment opinion. Docket No. 41 at 2. The court disagrees. The underlying issues in this case were not so close or complex as to justify

2

denying an award of costs, even if the court spilled much ink over them. For these reasons, and because no other factor weighs in the plaintiff's favor,[2] the court finds that the circumstances in this case are not sufficient to overcome the presumption that favors awarding costs to the prevailing party.

The plaintiff has not objected to any of the particular costs sought by the defendant, which include $3,423.84 for transcripts and $78.08 for witness fees. See Docket No. 40. These fees fall within the categories provided for by 28 U.S.C. § 1920. The court finds those costs to be reasonable, save for the transcript and witness fees requested for Martin Rogozinski. The defendant did not cite to Mr. Rogozinski's testimony in its motion for summary judgment or otherwise demonstrate how his testimony was "necessar[y]...for use in the case." 28 U.S.C. § 1920. For the reasons stated, the court will order that $2,730.60 of the defendant's costs be taxed against the plaintiff.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 1st day of June, 2015.

*/s/ Ben Conrad*
Chief United States District Judge

---

[2] The plaintiff does not suggest that the defendant engaged in litigation misconduct, nor does he assert that he is indigent and unable to pay costs.